*434 SUMMARY ORDER
Defendants-appellants Mostafa Reyad and Wafa Reyad were held jointly and severally liable for breach of contract under California law and Mostafa Reyad was found liable for violations of the Connecticut Unfair Trade Practices Act (“CUTPA”) after a bench trial in this diversity action brought by plaintiff-appellee IndyMac Bank, F.S.B. (“IndyMac”). The Federal Deposit Insurance Corporation appears as conservator for IndyMac. In an order dated July 26, 2006, the District Court found defendants liable and awarded plaintiff compensatory damages and losses, and, in an order dated April 23, 2007, the District Court awarded attorneys’ fees and costs and punitive damages to plaintiff. Defendants’ appeal from each of these orders. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Defendants argue that (1) the District Court erred in finding that IndyMac had standing to sue under the name of its successor in interest, (2) the prejudgment remedy entered by the District Court was unconstitutional and excessive, (3) the District Court erred in admitting certain evidence of forgeries, (4) defendants were entitled to the affirmativé defense of res judicata, (5) the District Court erred in finding that damages were inflicted upon IndyMac and in the calculation of those damages, (6) the CUTPA claim against defendant Mostafa Reyad should have been dismissed, and (7) the District Court improperly imposed punitive damages and attorneys’ fees. In their supplemental brief, defendants also assert that in its August 2008 order the District Court improperly refused to declare specific assets exempt from execution of judgment.
We have considered each of defendants’ arguments. Substantially for the reasons stated by the District Court in its careful, thorough, and well-reasoned opinions and orders of July 26, 2006 and April 23, 2007, we find defendants’ arguments to be without merit.

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.